**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50222 |
| Plaintiff - Appellee, | D.C. No. 8:10-CR-72-JVS-1 |
| v. | |
| QUAY PHIPPS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted April 11, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and ZOUHARY, District Judge.[**]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[*]  The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

1

Defendant-Appellant Quay Phipps appeals his conviction of one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and three counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Phipps raises five challenges to his conviction. We reject each challenge and affirm.

**1.** Phipps contends the district court violated the Double Jeopardy Clause when it denied his motion to dismiss the possession counts as lesser-included offenses of the transportation count. However, no double jeopardy problem exists where the charges are supported by discrete conduct. *United States v. Overton*, 573 F.3d 679, 697–98 (9th Cir. 2009). "[T]he government must allege and prove distinct conduct underlying each charge, whether the conduct underlying each charge occurred on the same or different dates." *United States v. Lynn*, 636 F.3d 1127, 1137 (9th Cir. 2011).

Count One of the Superseding Indictment charged Phipps with transporting at least one image of child pornography on or about December 26, 2009, in violation of 18 U.S.C. § 2252A(a)(1). The conduct supporting Count One was an email sent by Phipps with an attachment containing a video of child pornography. Counts Two through Four charged Phipps with possessing child pornography on or about March 23, 2010 on three separate devices -- two thumbdrives and one hard drive, in violation of 18 U.S.C. § 2252A(a)(5)(B). Because the conduct underlying each charge was distinct, Phipps' prosecution did not violate the Double Jeopardy Clause.

2

**2.** Phipps next argues he has a First Amendment right to view child pornography, and his convictions for transportation and possession violate that right. However, Supreme Court precedent forecloses this argument. *New York v. Ferber*, 458 U.S. 747, 764 (1982) (holding child pornography is not subject to First Amendment protections); *see also Osborne v. Ohio*, 495 U.S. 103, 111 (1990) (upholding laws prohibiting the possession and viewing of child pornography).

**3.** In a similar vein, Phipps contends the laws under which he was prosecuted deny him fundamental due process because he was sentenced to 240 months imprisonment for "merely viewing" child pornography. However, as discussed above, the Supreme Court has determined laws criminalizing such conduct are constitutionally permissible. *See Ferber*, 458 U.S. at 764; *Osborne*, 495 U.S. at 111.

**4.** Phipps' argument, that the district court abused its discretion by admitting into evidence three (out of thousands) written pornographic stories found on his computer and thumbdrives as "other acts" evidence under Federal Rule of Evidence 404(b), is likewise without merit. The stories were probative of Phipps' knowledge that the images he possessed contained pornography featuring children, and thus admissible under Rule 404(b). *See United States v. Curtin*, 489 F.3d 935, 958–59 (9th Cir. 2007) (en banc). Once the government establishes evidence is admissible under Rule 404(b), the only conditions justifying exclusion are those described in Federal Rule of Evidence 403. *Id.* at 944. The three stories entered into evidence were not

3

unduly prejudicial under Rule 403 -- the stories were presented to the jury in a limited fashion, were not discussed at length in testimony or argument, and were the subject of a limiting instruction from the district court.

**5.** Finally, Phipps argues the district court should have granted his Federal Criminal Rule 29 motion for acquittal with respect to the transportation count because the government did not present evidence that he *physically* transported child pornography, relying instead on evidence that Phipps emailed child pornography. Phipps argues that sending an email does not fit within the meaning of "transport." This argument is frivolous. The statute specifically contemplates transportation through email by making it a crime to "knowingly . . . transport . . . using any means or facility of interstate commerce . . . , *including by computer*, any child pornography." 18 U.S.C. § 2252A(a)(1) (emphasis added).

**AFFIRMED.**